IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DIAZ, | : | |
|    Petitioner | : | |
| | : | No. 1:21-cv-1085 |
|    v. | : | |
| | : | (Judge Rambo) |
| GREGORY BRIGGS, *et al.*, | : | |
|    Respondent | : | |

### MEMORANDUM

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s petition for writ of habeas corpus under 28 U.S.C. § 2254 and his corresponding motion for summary judgment. Respondents have filed a partial response to the petition, asserting that the petition should be denied as untimely. For the reasons that follow, Respondents' timeliness argument will be rejected, the motion for summary judgment will be denied without prejudice, and Respondents will be directed to respond to the merits of the petition.

I. **Background and Procedural History**

On July 12, 2011, Diaz pleaded guilty to two counts of possession of child pornography in the Dauphin County Court of Common Pleas. *See Commonwealth v. Diaz*, No. 1286 MDA 2018, 2020 WL 7385809, at *1 (Pa. Super. Ct. Dec. 16, 2020). Diaz was sentenced to five years of probation. *Id.* Diaz subsequently committed a violation of the terms of his probation, and the trial court began revocation proceedings. *Id.* The trial court conducted a revocation hearing on

October 3, 2016, and at the conclusion of the hearing the court sentenced Diaz to five years' county intermediate punishment, with one year in county prison, and a consecutive term of five years of probation.  *Id.*  Diaz did not file a direct appeal of the revocation sentence.  *Id.*

On October 31, 2017, Diaz challenged the revocation sentence through a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA").  *Id.* at *2.  The PCRA court dismissed the petition, and Diaz appealed to the Pennsylvania Superior Court.  *Id.* at *3.  The Superior Court affirmed.  *Id.* at *9.  Diaz filed a petition for allowance of appeal to the Pennsylvania Supreme Court, but subsequently withdrew the petition for allowance of appeal on June 4, 2021.  (*See* Doc. No. 1-1 at 106.)  The Supreme Court received the request to withdraw the petition on June 14, 2021, and granted the request later that day, closing the case.

Diaz initiated the present case through the filing of a petition for writ of habeas corpus later on June 14, 2021, and the court received and docketed the petition on June 21, 2021.  (Doc. No. 1.)  Diaz's petition challenges the legality of his revocation sentence.  (*Id.*)  Diaz also filed a motion for summary judgment.  (Doc. No. 2.)  Respondents responded to the petition on September 28, 2021, arguing that it should be denied as untimely.  (Doc. No. 13.)  Petitioner filed a

reply brief on October 12, 2021, making the petition ripe for the court's disposition.

II.     **Discussion**

    A.     **Timeliness of Petition**

As noted above, Respondents have filed a partial response to the petition, seeking to have the petition denied as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under § 2244, Diaz had one year from the date his sentence became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Diaz's sentence became final on November 2, 2016, when the time for seeking a direct appeal to the Superior Court expired. *See* Pa. R. App. P. 903. Diaz filed a timely PCRA petition on October 31, 2017, which statutorily tolled the limitations period for his federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2). At that point, 363 days had elapsed towards the end of the limitations period. The statutory tolling period ended on June 14, 2021, when Diaz's motion to withdraw his petition for allowance of appeal to the Pennsylvania Supreme Court was granted and his appeal was dismissed. *Cf. Joyner v. Phelps*, 557 F. Supp. 2d 477, 480 (D. Del. 2008) (holding that when petitioner voluntarily withdraws appeal, the limitations period for the petitioner to file a federal habeas corpus petition begins to run from the date on which the petitioner's request to withdraw the appeal is granted by the state appellate court). Thus, because 363 days had already elapsed towards the end of the limitations period, Diaz was required to file his petition for writ of habeas corpus within two days of June 14,

---

[1] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations period, none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

2021, or no later than June 16, 2021. His petition, which was filed on June 14, 2021, is therefore timely.[2] The court will accordingly reject Defendants' timeliness argument.[3]

### B.   Petitioner's Motion for Summary Judgment Will Be Denied Without Prejudice

Although motions for summary judgment may be filed in habeas corpus proceedings, *see, e.g.*, *Carter v. Rafferty*, 826 F.2d 1299, 1304 (3d Cir. 1987); 16A Stacy L. Davis, *et al.*, Federal Procedure, Lawyers Edition § 41:104, Westlaw (databased updated November 2021), the standard for resolving such motions is the same as motions for summary judgment filed in other civil cases: the moving party must show that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Id.*

Here, the court cannot determine whether there are genuine issues of material fact because Respondents have not yet responded to the substance of

---

[2] Although the court did not receive Diaz's petition until June 21, 2021, it is deemed filed on June 14, 2021 under the prisoner mailbox rule. *See, e.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that under the prisoner mailbox rule "a document is deemed filed on the date it is given to prison officials for mailing").

[3] Because there was a colorable argument that the petition was untimely, the court will grant Respondents' request to file a partial response to the petition. Respondents will be directed to respond to the merits of the petition.

Petitioner's petition. The court will accordingly deny Petitioner's motion for summary judgment without prejudice because the motion was filed prematurely.

### III. Conclusion

For the foregoing reasons, Respondents' argument that the petition should be denied as untimely is rejected and Petitioner's motion for summary judgment is denied without prejudice. Respondents will be directed to respond to the merits of the petition. An appropriate order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: December 15, 2021