IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DIAZ, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1085 |
|     v. | : | |
| | : | (Judge Rambo) |
| GREGORY BRIGGS, *et al.*, | : | |
|     Respondent | : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s petition for writ of habeas corpus under 28 U.S.C. § 2254, his motion for reconsideration of the court's previous order denying his motion for summary judgment, and his motion to expedite. For the reasons that follow, Diaz's petition will be denied, and his pending motions will be denied as moot.

**I.    Background and Procedural History**

On July 12, 2011, Diaz pleaded guilty to two counts of possession of child pornography in the Dauphin County Court of Common Pleas. *See Commonwealth v. Diaz*, No. 1286 MDA 2018, 2020 WL 7385809, at *1 (Pa. Super. Ct. Dec. 16, 2020). Diaz was sentenced to five years of probation. *Id.* He subsequently violated a term of his probation. *Id.* The court imposed a violation of probation sentence of five years of county intermediate punishment, with six months to be served in Dauphin County Prison. *Id.*

While Diaz was serving this first violation of probation sentence, the trial court issued an order releasing Diaz from the custody of Dauphin County and transferring him to the custody of the state of Maryland. *Id.* In May 2014, Diaz was convicted of a new sexual offense while he was in Maryland. *Id.* The trial court issued a *capias* to return Diaz to Pennsylvania. *Id.* Upon his return to the Commonwealth, the trial court conducted a probation revocation hearing on October 3, 2016. *Id.* The trial court sentenced Diaz to five years of county intermediate punishment with one year to be served in Dauphin County Prison and a consecutive term of five years of probation for this second violation of probation. *Id.* The trial court also imposed sex offender conditions on Diaz as part of his probation supervision. *Id.* Diaz did not file a direct appeal of the second probation revocation sentence. *Id.*

The Commonwealth subsequently charged Diaz with new offenses, including six new counts of possession of child pornography. *Id.* at *2. These charges arose from conduct by Diaz between February and April of 2017. *Id.* The charges resulted from a search of Diaz's cellphone while he was at a work release center. *Id.* On May 31, 2017, the Dauphin County Court of Common Pleas issued a detainer against Diaz for violation of his second probation revocation sentence based on these new charges. *Id.* On October 3, 2017, Dauphin County Adult Probation and Parole released Diaz from the total confinement phase of his second

probation revocation sentence, but he remained in the custody of Dauphin County Prison based on the May 31, 2017 detainer. *Id.*

On October 31, 2017, Diaz challenged the second probation revocation sentence through a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* As relevant to the instant case, Diaz argued that both his first and second probation revocation sentences were illegal under Pennsylvania law because intermediate punishment sentences could not contain provisions for confinement in prison that exceeded ninety days. *Id.* Diaz further argued that one of the conditions of his second probation revocation was illegal under Pennsylvania law based on *Commonwealth v. Wilson*, 67 A.3d 736 (Pa. 2013) and *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. Super. Ct. 2006). The Court of Common Pleas dismissed the PCRA petition on July 5, 2018, and Diaz appealed to the Superior Court.

The Superior Court affirmed the dismissal of the petition on December 16, 2020, concluding that Diaz's claims challenging his second probation revocation sentence were premature because he was currently in custody based on the May 31, 2017 detainer. *Id.* at *6-8. Diaz moved for reargument, arguing, *inter alia*, that the court erred by failing to consider the merits of Diaz's claims. (*See* Doc. No. 1 at 8.) The Superior Court denied the motion for reargument without an

3

opinion on February 26, 2021.  *See Commonwealth v. Diaz*, No. 1286 MDA 2018, Pa. Super. LEXIS 96, at *1 (Pa. Super. Ct. Feb. 26, 2021).

Diaz filed a petition for allowance of appeal to the Pennsylvania Supreme Court wherein he argued, *inter alia*, that the Superior Court erred by not considering the merits of his claims, that the sentence imposed for his second probation violation was illegal under Pennsylvania law, and that one of the conditions of his second probation revocation was illegal under Pennsylvania law. (*See* Doc. No. 1-1 at 10-39.)  Diaz withdrew the petition for allowance of appeal on June 4, 2021.  (*See* Doc. No. 1-1 at 106.)

Diaz filed the instant petition for writ of habeas corpus on June 14, 2021, and the court received and docketed the petition on June 21, 2021.  (Doc. No. 1.) Diaz raises three claims for habeas corpus relief: (1) that the October 3, 2016 revocation sentence was not a statutorily authorized sentence under Pennsylvania law; (2) that one of the conditions imposed as part of the October 3, 2016 probation revocation was unlawful; and (3) that Diaz's right to due process was violated when the Superior Court did not consider the merits of his claims in his PCRA proceeding.  (*Id.* at 5-8.)  Diaz filed a motion for summary judgment in conjunction with his petition. (Doc. No. 2.)  Respondents filed a partial response to the petition on September 28, 2021, arguing that it should be denied as untimely. (Doc. No. 13.)

The court considered and rejected Respondents' timeliness argument on December 15, 2021, finding that the petition was timely based on the prisoner mailbox rule. (Doc. No. 15 at 5 & n.2.) Recognizing that "there was a colorable argument that the petition was untimely," however, the court granted Respondents' request to file a partial response to Diaz's petition and accordingly directed Respondents to respond to the merits of the petition. (*Id.* at 5 n.3; Doc. No. 16 at 1.) The court also rejected Diaz's motion for summary judgment without prejudice as premature, noting that the court could not decide the motion absent an additional response from Respondents. (Doc. No. 15 at 5-6.)

Respondents timely filed an additional response on December 27, 2021. (Doc. No. 17.) Respondents argue that Diaz's claims are procedurally defaulted, and, alternatively, that they fail on their merits. (*Id.* at 6-10.) Diaz moved for reconsideration of the court's order denying his motion for summary judgment on January 18, 2022, and he filed a reply brief in support of his petition on January 24, 2022. (Doc. Nos. 23, 25.) Diaz then filed a motion to expedite on April 4, 2022. (Doc. No. 26.) The petition and both motions are ripe for review.

## II.   Discussion

Respondents argue that Petitioner's first two claims are procedurally defaulted and fail on their merits, but the court will deny relief with respect to these claims for a more fundamental reason: the claims are based entirely on

violations of state law and do not allege any violations of federal law, and "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *accord Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

In his first claim, Diaz argues that his 2016 revocation sentence violated various Pennsylvania statutes and was illegal under the Pennsylvania Superior Court's decision in *Commonwealth v. Milhomme*, 35 A.3d 1219 (Pa. Super. Ct. 2011). (*See* Doc. No. 1 at 5; Doc. No. 1-1 at 45-50.) In his second claim, Diaz argues that the conditions imposed upon him in the 2016 revocation sentence violate Pennsylvania statutes and case law. (*See* Doc. No. 1 at 6; Doc. No. 1-1 at 51-60.) Neither of these claims implicates any issues of federal law. Diaz cites two federal cases in support of his second claim—*Riley v. California*, 573 U.S. 373 (2014) and *United States v. Lara*, 815 F.3d 605 (9th Cir. 2016)—but those cases are only cited to support his argument as to the proper reading of 42 Pa.C.S. § 9912. (*See* Doc. No. 1-1 at 55-58.) Accordingly, because Diaz's first two claims do not allege any violations of federal law, the court will deny habeas corpus relief as to these claims. *See Swarthout*, 562 U.S. at 219.

Diaz's third and final claim does raise a federal claim by alleging a violation of Diaz's due process rights. (*See* Doc. No. 1 at 8.) Specifically, Diaz's third claim asserts that the Superior Court violated Diaz's due process rights by

declining to consider the merits of his claims on appeal from the dismissal of his PCRA petition. (*Id.*) This claim fails on its merits, however, because federal courts may not grant habeas corpus relief based on due process violations that occur during a petitioner's collateral proceedings. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." *Id.* (emphasis in original). Accordingly, the court will deny Diaz's petition for writ of habeas corpus. Having reached this conclusion, the court will deny Diaz's motion for reconsideration and motion to expedite as moot.

### III. Conclusion

For the foregoing reasons, Diaz's petition for writ of habeas corpus will be denied and his motion for reconsideration and motion to expedite will be denied as moot. A certificate of appealability will not issue because jurists of reason would not disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017). An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: August 24, 2022