IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DIAZ, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1085 |
|     v. | : | |
| | : | (Judge Rambo) |
| GREGORY BRIGGS, *et al.*, | : | |
|     Respondents | : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s motion for reconsideration of the court's previous order denying his petition for writ of habeas corpus. For the reasons that follow, the motion will be granted in part and denied in part, the denial of Diaz's petition will be vacated, and the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**I.      Background and Procedural History**

On July 12, 2011, Diaz pleaded guilty to two counts of possession of child pornography in the Dauphin County Court of Common Pleas. *See Commonwealth v. Diaz*, No. 1286 MDA 2018, 2020 WL 7385809, at *1 (Pa. Super. Ct. Dec. 16, 2020). Diaz was sentenced to five years of probation. *Id.* He subsequently violated a term of his probation. *Id.* The court imposed a violation of probation sentence of five years of county intermediate punishment, with six months to be served in Dauphin County Prison. *Id.*

While Diaz was serving this first violation of probation sentence, the trial court issued an order releasing Diaz from the custody of Dauphin County and transferring him to the custody of the state of Maryland. *Id.* In May 2014, Diaz was convicted of a new sexual offense while he was in Maryland. *Id.* The trial court issued a *capias* to return Diaz to Pennsylvania. *Id.* Upon his return to the Commonwealth, the trial court conducted a probation revocation hearing on October 3, 2016. *Id.* The trial court sentenced Diaz to five years of county intermediate punishment with one year to be served in Dauphin County Prison and a consecutive term of five years of probation for this second violation of probation. *Id.* The trial court also imposed sex offender conditions on Diaz as part of his probation supervision. *Id.* Diaz did not file a direct appeal of the second probation revocation sentence. *Id.*

The Commonwealth subsequently charged Diaz with new offenses, including six new counts of possession of child pornography. *Id.* at *2. These charges arose from conduct by Diaz between February and April of 2017. *Id.* The charges resulted from a search of Diaz's cellphone while he was at a work release center. *Id.* On May 31, 2017, the Dauphin County Court of Common Pleas issued a detainer against Diaz for violation of his second probation revocation sentence based on these new charges. *Id.* On October 3, 2017, Dauphin County Adult Probation and Parole released Diaz from the total confinement phase of his second

probation revocation sentence, but he remained in the custody of Dauphin County Prison based on the May 31, 2017 detainer. *Id.*

On October 31, 2017, Diaz challenged the second probation revocation sentence through a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* As relevant to the instant case, Diaz argued that both his first and second probation revocation sentences were illegal under Pennsylvania law because intermediate punishment sentences could not contain provisions for confinement in prison that exceeded ninety days. *Id.* Diaz further argued that one of the conditions of his second probation revocation was illegal under Pennsylvania law based on *Commonwealth v. Wilson*, 67 A.3d 736 (Pa. 2013) and *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. Super. Ct. 2006). The Court of Common Pleas dismissed the PCRA petition on July 5, 2018, and Diaz appealed to the Superior Court.

The Superior Court affirmed the dismissal of the petition on December 16, 2020, concluding that Diaz's claims challenging his second probation revocation sentence were premature because he was currently in custody based on the May 31, 2017 detainer. *Id.* at *6-8. Diaz moved for reargument, arguing, *inter alia*, that the court erred by failing to consider the merits of Diaz's claims. (*See* Doc. No. 1 at 8.) The Superior Court denied the motion for reargument without an

opinion on February 26, 2021.  *See Commonwealth v. Diaz*, No. 1286 MDA 2018, Pa. Super. LEXIS 96, at *1 (Pa. Super. Ct. Feb. 26, 2021).

Diaz filed a petition for allowance of appeal to the Pennsylvania Supreme Court wherein he argued, *inter alia*, that the Superior Court erred by not considering the merits of his claims, that the sentence imposed for his second probation violation was illegal under Pennsylvania law, and that one of the conditions of his second probation revocation was illegal under Pennsylvania law. (*See* Doc. No. 1-1 at 10-39.)  Diaz withdrew the petition for allowance of appeal on June 4, 2021.  (*See* Doc. No. 1-1 at 106.)

Diaz filed the instant petition for writ of habeas corpus on June 14, 2021, and the court received and docketed the petition on June 21, 2021.  (Doc. No. 1.) Diaz raised three claims for habeas corpus relief: (1) that the October 3, 2016 revocation sentence was not a statutorily authorized sentence under Pennsylvania law; (2) that one of the conditions imposed as part of the October 3, 2016 probation revocation was unlawful; and (3) that Diaz's right to due process was violated when the Superior Court did not consider the merits of his claims in his PCRA proceeding.  (*Id.* at 5-8.)  Respondents filed a partial response on September 28, 2021, arguing that the petition should be denied as untimely.  (Doc. No. 13.)

The court considered and rejected Respondents' timeliness argument on December 15, 2021, finding that the petition was timely based on the prisoner

4

mailbox rule. (Doc. No. 15 at 5 & n.2.) Recognizing that "there was a colorable argument that the petition was untimely," however, the court granted Respondents' request to file a partial response to the petition and directed Respondents to respond to the merits of the petition. (*Id.* at 5 n.3; Doc. No. 16 at 1.) Respondents responded on December 27, 2021, arguing that Diaz's claims are procedurally defaulted and that they fail on their merits. (Doc. No. 17 at 6-10.)

The court denied habeas corpus relief on August 24, 2022. (Doc. Nos. 28-29.) The court concluded that Diaz's first two claims for habeas corpus relief asserted violations only of state law and therefore were not cognizable in a federal habeas corpus petition. (Doc. No. 28 at 5-6.) The court concluded that Diaz's third claim failed because it was based on an alleged due process violation that occurred during collateral proceedings, which was not a proper basis for a federal court to grant habeas corpus relief. (*Id.* at 6-7.) Diaz filed a combined motion and supporting brief on September 26, 2022, seeking reconsideration pursuant to Federal Rule of Civil Procedure 59. (Doc. No. 32.) Diaz's arguments for reconsideration are considered below.

## II. Discussion

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the

5

need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In his motion for reconsideration, Diaz argues that the court ignored four purportedly controlling cases—*Bernard v. Sorber*, No. 22-CV-01668, 2022 U.S. Dist. LEXIS 107118, at *6 (E.D. Pa. June 16, 2022); *Terry v. Ramson*, No. 20-CV-03521, 2021 WL 1394306, at *4 (E.D. Pa. Mar. 15, 2021); *Patton v. Link*, No. 16-CV-01413, 2017 WL 1484016, at *15 (W.D. Pa. Mar. 8, 2017); and *Smith v. Kerestes*, No. 08-CV-00061, 2009 WL 1676136, at *16 (E.D. Pa. June 15, 2009)—that stand for the proposition that a federal habeas court "has the power to review a State Court's sentence if said sentence exceeds the statutory limits." (Doc. No. 32 at 2.)

Diaz's contention that *Bernard*, *Terry*, *Patton*, and *Smith* are "controlling" on this court's decision is incorrect. District court decisions do not constitute binding or controlling precedent. *Daubert v. NRA Group, LLC*, 861 F.3d 382, 395 (3d Cir. 2017) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)).

Diaz is correct, however, that the court committed a clear error of law in denying his first two claims for habeas corpus relief on the grounds that they asserted violations only of state law. Diaz's first two claims argued that portions

6

of his 2016 probation revocation sentence exceeded the punishment authorized by the Pennsylvania legislature for his offense. (*See* Doc. No. 1 at 5-6.) The Double Jeopardy Clause of the Fifth Amendment prohibits punishment in excess of that authorized by the legislature. *Jones v. Thomas*, 491 U.S. 376, 382-83 (1989). Thus, although Diaz did not frame his claims as arising under the Double Jeopardy Clause, the court should have understood the claims as raising federal law issues under the Double Jeopardy Clause. The court will therefore vacate its August 24, 2022 denial of Diaz's petition.

Having vacated the denial of Diaz's petition, the court will dismiss the petition without prejudice because the record reflects that Diaz has not exhausted his state court remedies. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 842. Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and

adequate state procedural rule barred review on the merits. *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).

In this case, Diaz raised his claims in his PCRA proceedings but the Superior Court ruled that they were premature because Diaz was in custody based on the May 31, 2017 detainer and not the 2016 detainer. *Diaz*, 2020 WL 7385809, at *7. The court noted that Diaz "still has ample opportunities to raise his claims in challenges to the detainer, during a violation and revocation hearing in the instant case, as well as pre-trial proceedings on his new charges." *Id.* Based on the Superior Court's ruling, this court finds that Diaz has failed to exhaust his state court remedies.

Respondents urge the court to go further and find that Diaz's claims are procedurally defaulted (*see* Doc. No. 17 at 6), but they acknowledge that Diaz "remains free to raise his claims in state court when they become ripe" (*id.* at 7).

Federal courts should not determine that claims are procedurally defaulted unless the procedural default is clear from the state court record. *See Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000). In "questionable cases it is better that the state courts make the determination of whether a claim is procedurally barred." *Id.* (quoting *Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997)). If a federal court is "uncertain" as to how the state court would resolve the issue of procedural default,

8

the court should dismiss the petition without prejudice for failure to exhaust state court remedies. *Id.* (quoting *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)).

It is not clear from the state court proceedings that Diaz's claims are procedurally defaulted. Indeed, the Superior Court's ruling seems to explicitly suggest that the claims are not procedurally defaulted. *See Diaz*, 2020 WL 7385809, at *7 (noting that Diaz "still has ample opportunities" to exhaust state court remedies). Thus, the court will vacate the denial of Diaz's petition and dismiss the petition without prejudice for failure to exhaust state court remedies.

### III. Conclusion

For the foregoing reasons, Diaz's motion for reconsideration will be granted in part and denied in part. The court will vacate the denial of his petition and dismiss the petition without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: October 5, 2022