IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DIAZ, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1085 |
|     v. | : | |
| | : | (Judge Rambo) |
| GREGORY BRIGGS, *et al.*, | : | |
|     Respondents | : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s motion for reconsideration of the court's previous order dismissing his petition for writ of habeas corpus for failure to exhaust state court remedies. For the reasons that follow, the motion will be denied.

### I.  Background and Procedural History

On July 12, 2011, Diaz pleaded guilty to two counts of possession of child pornography in the Dauphin County Court of Common Pleas. *See Commonwealth v. Diaz*, 245 A.3d 1075, No. 1286 MDA 2018, 2020 WL 7385809, at *1 (Pa. Super. Ct. Dec. 16, 2020). Diaz was sentenced to five years of probation. *Id.* He subsequently violated a term of his probation. *Id.* The court imposed a violation of probation sentence of five years of county intermediate punishment, with six months to be served in Dauphin County Prison. *Id.*

While Diaz was serving this first violation of probation sentence, the trial court issued an order releasing Diaz from the custody of Dauphin County and

transferring him to the custody of the state of Maryland. *Id.* In May 2014, Diaz was convicted of a new sexual offense while he was in Maryland. *Id.* The trial court issued a *capias* to return Diaz to Pennsylvania. *Id.* Upon his return to the Commonwealth, the trial court conducted a probation revocation hearing on October 3, 2016. *Id.* The trial court sentenced Diaz to five years of county intermediate punishment with one year to be served in Dauphin County Prison and a consecutive term of five years of probation for this second violation of probation. *Id.* The trial court also imposed sex offender conditions on Diaz as part of his probation supervision. *Id.* Diaz did not file a direct appeal of the second probation revocation sentence. *Id.*

The Commonwealth subsequently charged Diaz with new offenses, including six new counts of possession of child pornography. *Id.* at *2. These charges arose from conduct by Diaz between February and April of 2017. *Id.* The charges resulted from a search of Diaz's cellphone while he was at a work release center. *Id.* On May 31, 2017, the Dauphin County Court of Common Pleas issued a detainer against Diaz for violation of his second probation revocation sentence based on these new charges. *Id.* On October 3, 2017, Dauphin County Adult Probation and Parole released Diaz from the total confinement phase of his second probation revocation sentence, but he remained in the custody of Dauphin County Prison based on the May 31, 2017 detainer. *Id.*

On October 31, 2017, Diaz challenged the second probation revocation sentence through a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* As relevant to the instant case, Diaz argued that both his first and second probation revocation sentences were illegal under Pennsylvania law because intermediate punishment sentences could not contain provisions for confinement in prison that exceeded ninety days. *Id.* Diaz further argued that one of the conditions of his second probation revocation was illegal under Pennsylvania law based on *Commonwealth v. Wilson*, 67 A.3d 736 (Pa. 2013) and *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. Super. Ct. 2006). The Court of Common Pleas dismissed the PCRA petition on July 5, 2018, and Diaz appealed. *Diaz*, 2020 WL 7385809, at *3.

The Superior Court affirmed the dismissal of the petition on December 16, 2020, concluding that Diaz's claims challenging his second probation revocation sentence were premature because he was currently in custody based on the May 31, 2017 detainer. *Id.* at *7. Diaz moved for reargument, arguing, *inter alia*, that the court erred by failing to consider the merits of Diaz's claims. (*See* Doc. No. 1 at 8.) The Superior Court denied the motion for reargument without an opinion on February 26, 2021. *See Commonwealth v. Diaz*, No. 1286 MDA 2018, Pa. Super. LEXIS 96, at *1 (Pa. Super. Ct. Feb. 26, 2021).

Diaz filed a petition for allowance of appeal to the Pennsylvania Supreme Court wherein he argued, *inter alia*, that the Superior Court erred by not considering the merits of his claims, that the sentence imposed for his second probation violation was illegal under Pennsylvania law, and that one of the conditions of his second probation revocation was illegal under Pennsylvania law. (*See* Doc. No. 1-1 at 10-39.) Diaz withdrew the petition for allowance of appeal on June 4, 2021. (*See* Doc. No. 1-1 at 106.)

Diaz filed the instant petition for writ of habeas corpus on June 14, 2021, and the court received and docketed the petition on June 21, 2021. (Doc. No. 1.) Diaz raised three claims for habeas corpus relief: (1) that the October 3, 2016 revocation sentence was not a statutorily authorized sentence under Pennsylvania law; (2) that one of the conditions imposed as part of the October 3, 2016 probation revocation was unlawful; and (3) that Diaz's right to due process was violated when the Superior Court did not consider the merits of his claims in his PCRA proceeding. (*Id.* at 5-8.) Respondents filed a partial response on September 28, 2021, arguing that the petition should be denied as untimely. (Doc. No. 13.)

The court considered and rejected Respondents' timeliness argument on December 15, 2021, finding that the petition was timely based on the prisoner mailbox rule. (Doc. No. 15 at 5 & n.2.) Recognizing that "there was a colorable argument that the petition was untimely," however, the court granted Respondents'

4

request to file a partial response to the petition and directed Respondents to respond to the merits of the petition. (*Id.* at 5 n.3; Doc. No. 16 at 1.) Respondents responded on December 27, 2021, arguing that Diaz's claims are procedurally defaulted and that they fail on their merits. (Doc. No. 17 at 6-10.)

The court issued a memorandum and order denying habeas corpus relief on August 24, 2022. (Doc. Nos. 28-29.) The court concluded that Diaz's first two claims for habeas corpus relief asserted violations only of state law and therefore were not cognizable in a federal habeas corpus petition. (Doc. No. 28 at 5-6.) The court concluded that Diaz's third claim failed because it was based on an alleged due process violation that occurred during collateral proceedings, which was not a proper basis for a federal court to grant habeas corpus relief. (*Id.* at 6-7.) Diaz moved for reconsideration on September 26, 2022. (Doc. No. 32.)

The court granted the motion for reconsideration in part and denied it in part on October 5, 2022. (Doc. Nos. 33-34.) The court found that it committed a clear error of law in denying habeas corpus relief as to Diaz's first two claims on the grounds that they asserted only violations of state law. (Doc. No. 33 at 6-7.) The court noted that based on the substance of the claims, they should have been understood as raising federal claims pursuant to the Double Jeopardy Clause of the Fifth Amendment. (*Id.*) The court accordingly vacated that portion of its August 24, 2022 memorandum and order. Having done so, the court then dismissed

Diaz's first two claims without prejudice for failure to exhaust state court remedies. (*Id.* at 7-9.) The court noted that the claims had been rejected as premature by the Pennsylvania Superior Court and that the court ruled that Diaz could raise the claims through subsequent state processes. (*Id.* at 8.) The court denied respondents' request to dismiss the claims with prejudice as procedurally defaulted, finding that it was not clear from the state court record that the claims were procedurally defaulted and that dismissal without prejudice for failure to exhaust state court remedies was therefore appropriate in order to give the state courts the opportunity to determine whether the claims were procedurally defaulted. (*Id.* at 8-9.) The court accordingly dismissed the case without prejudice for failure to exhaust state court remedies. (Doc. No. 34.) Diaz filed the instant motion for reconsideration on November 7, 2022. (Doc. No. 35.) The motion is ripe for review.

II.     **Discussion**

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In his motion for reconsideration, Diaz argues that the court's dismissal of the petition for failure to exhaust state court remedies constitutes clear legal error because (1) he presented his claims to the Pennsylvania Superior Court; and (2) the Superior Court was incorrect to conclude that the state PCRA claim was premature. (*Id.*)

The court will deny the motion for reconsideration. To exhaust state court remedies, a petitioner must "fairly present" his claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To be fairly presented a claim must be raised in accordance with the state's procedural rules. *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). "If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted" and should be dismissed without prejudice on that basis. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002).

Where, on the other hand, review of the claim is clearly foreclosed by state procedural rules, the claim is procedurally defaulted. *Id.* In that situation, further attempts to exhaust are excused, but the federal court may only consider the merits of the petition if (a) the petitioner can establish cause for the procedural default and prejudice that would result from the federal court declining to hear the claim; or (b)

7

the petitioner can establish that the federal court declining to hear the claim would result in a fundamental miscarriage of justice.  *Id.*

Federal courts should not determine that claims are procedurally defaulted unless the procedural default is clear from the state court record.  *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000).  In "questionable cases it is better that the state courts make the determination of whether a claim is procedurally barred."  *Id.* (quoting *Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997)).  If a federal court is "uncertain" as to how the state court would resolve the issue of procedural default, the court should dismiss the petition without prejudice for failure to exhaust state court remedies.  *Id.* (quoting *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)).

In this case, Diaz raised his first and second claims in state court, but the claims were rejected by the Pennsylvania Superior Court because they were premature and because Diaz would have "ample opportunities" to pursue the claims in state court once they were ripe for adjudication.  *Diaz*, 2020 WL 7385809, at *7.  Thus, the claims were not exhausted because they were not properly raised in accordance with Pennsylvania procedure.  *See Wenger*, 266 F.3d at 224.  Because it was not clear from the state court record that the claims would be procedurally defaulted if they were subsequently presented in state court, dismissal of this case without prejudice for failure to exhaust state court remedies was appropriate.  *See Lines*, 208 F.3d at 163.

Diaz argues that the Superior Court was incorrect to conclude that his claims were premature, but this issue is inextricably intertwined with the question of whether the claims would be procedurally defaulted if they were subsequently presented in state court. And when a federal court is unsure how a state court would rule on whether a claim is procedurally defaulted, the federal court should dismiss the claim without prejudice and allow the state courts to decide the issue of procedural default in the first instance. *Id.* That is exactly what the court did here, and the court finds no clear error in that decision.

### III. Conclusion

For the foregoing reasons, Diaz's motion for reconsideration will be denied. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: April 13, 2023